FILED
2011 APR 26 P 3: 48
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Sean P. Reis (No. 184044)
2  sreis@edelson.com
   EDELSON MCGUIRE LLP
3  30021 Tomas Street, Suite 300
   Rancho Santa Margarita, California 92688
4  Telephone: (949) 459-2124

E-filing

5  ATTORNEYS FOR PLAINTIFFS

6

7          IN THE UNITED STATES DISTRICT COURT

EMC

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 RENE HEUSCHER, individually and on
   behalf of a class of similarly situated
11 individuals,

12          Plaintiff,

13 v.

14

15 HEARTLAND AUTOMOTIVE SERVICES,
   INC., a Minnesota corporation,
16

17          Defendant.

Case No. CV 11 2048

) CLASS ACTION COMPLAINT
) FOR DAMAGES AND
) INJUNCTIVE RELIEF
)
) 1) Violation of 47 U.S.C. § 227
)
) DEMAND FOR JURY TRIAL
)
)

FAXED

18

19                **CLASS ACTION COMPLAINT**

20        Plaintiff Rene Heuscher brings this class action complaint against Defendant

21 Heartland Automotive Services, Inc. d/b/a Jiffy Lube ("Heartland") to stop Defendant's

22 practice of making unsolicited text message calls to cellular telephones, and to obtain redress

23 for all persons injured by its conduct. Plaintiff, for his class action complaint, alleges as

24 follows upon personal knowledge as to himself and his own acts and experiences, and, as to

25 all other matters, upon information and belief, including investigation conducted by his

26 attorneys.

27

28

1

## NATURE OF THE CASE

2       1.     In an effort to promote the sale of its oil change and related automotive

3   services, Heartland, the largest Jiffy Lube franchisee in the nation, engaged in an especially

4   pernicious form of marketing: the unauthorized transmission of advertisements in the form of

5   "text message" calls to the cellular telephones of consumers throughout the nation.

6       2.     By effectuating these unauthorized text message calls (hereinafter, "wireless

7   spam"), Defendant has caused consumers actual harm, not only because consumers were

8   subjected to the aggravation that necessarily accompanies wireless spam, but also because

9   consumers frequently have to pay their cell phone service providers for the receipt of such

10  wireless spam.

11      3.     In order to redress these injuries, Plaintiff, on behalf of himself and a

12  nationwide class of similarly situated individuals, brings suit under the Telephone Consumer

13  Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227"), which prohibits unsolicited

14  voice and text calls to cell phones.

15      4.     On behalf of the class, Plaintiff seeks an injunction requiring Defendant to

16  cease all wireless spam activities and an award of statutory damages to the class members,

17  together with costs and reasonable attorneys' fees.

18

## PARTIES

19      5.     Plaintiff is a resident of Washington.

20      6.     Defendant Heartland is a Minnesota corporation with its principal place of

21  business in Nebraska. The self-described "largest franchisee of quick lube retail service

22  stores in the country," Defendant operates approximately 435 Jiffy Lube locations throughout

23  the United States, including in California and this District.

24

## JURISDICTION & VENUE

25      7.     The Court has subject matter jurisdiction over this action pursuant to 28

26  U.S.C. § 1332 (d), because (a) at least one member of the putative class is a citizen of a state

27  different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of

28  interest and costs, and (c) none of the exceptions under that subsection apply to this action.

1    8.    This Court has personal jurisdiction over the Defendant under Cal. Code Civ.

2    Proc. § 410.10 because certain of the acts alleged herein were committed in California (and,

3    specifically, the Northern District of California).

4    9.    Venue is proper in this district under 28 U.S.C. § 1391(a) as the text message

5    calls at issue were transmitted nationwide from property located in this District.

6                              **INTRADISTRICT ASSIGNMENT**

7    10.    The conduct giving rise to the claim in this matter originated in the County of

8    San Francisco.  Under Local Rule 3-2(c), this civil action should be assigned to the San

9    Francisco division of the Northern District of California.

10                             **COMMON ALLEGATIONS OF FACT**

11    11.    Text message spam is a growing problem in the United States.  According to a

12    recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it

13    comes in the form of unwanted text messages of all kinds—from coupons to phishing

14    schemes—sent directly to user's cell phones."  In fact, "57% of adults with cell phones have

15    received unwanted or spam text messages on their phone."  Amanda Lenhart, *Cell Phones*

16    *and American Adults: They Make Just as Many Calls, but Text Less than Teens*, Pew

17    Research Center (2010) at http://pewinternet.org/Reports/2010/Cell-Phones-and-American-

18    Adults.aspx.

19    12.    In recent years, marketers who often have felt stymied by federal laws

20    limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to

21    alternative technologies through which to send bulk solicitations cheaply.

22    13.    One of the newest types of such bulk marketing is to advertise through Short

23    Message Services.  The term "Short Message Service" or "SMS" is a messaging system that

24    allows cellular telephone subscribers to use their cellular telephones to send and receive short

25    text messages, usually limited to 160 characters.

26    14.    A "SMS message" is a text message call directed to a wireless device through

27    the use of the telephone number assigned to the device.  When an SMS message call is

28    successfully made, the recipient's cell phone rings, alerting him or her that a call is being

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

3

1    received. As cellular telephones are inherently mobile and are frequently carried on their

2    owner's person, calls to cellular telephones, including SMS messages, may be received by

3    the called party virtually anywhere worldwide.

4       15.     Unlike more conventional advertisements, wireless spam can actually cost its

5    recipients money, because cell phone users must frequently pay their respective wireless

6    service providers either for each text message call they receive or incur an usage allocation

7    deduction to their text plan, regardless whether or not the message is authorized.

8       16.     Over the course of an extended period beginning in 2011, Defendant and its

9    agents directed the mass transmission of wireless spam to the cell phones nationwide of what

10    they hoped were potential customers of Defendant's "eClub" and "Signature Oil Change"

11    services.

12       17.     For instance, on or about April 22, 2011, Plaintiff's cell phone rang, indicating

13    that a text call was being received.

14       18.     The "from" field of such transmission was identified cryptically as "72345,"

15    which is an abbreviated telephone number known as an SMS short code licensed and

16    operated by Defendant's agents. The body of such text message read:

17
18
19
> JIFFY LUBE CUSTOMERS 1 TIME OFFER: RPLY Y TO JOIN OUR ECLUB
> FOR 45% OFF A SIGNATURE SERVICE OIL CHANGE!
> STOP TO UNSUB MSG & DATA RATES MAY APPLY
> T&C JIFFYTOS.COM.

20       19.     Defendant's and its agents' use of an SMS short code enabled Defendant's

21    mass transmission of wireless spam to a list of cellular telephone numbers.

22       20.     At no time did Plaintiff consent to the receipt of the above-referenced message

23    or any other such wireless spam text messages from Defendant.

24                    **CLASS ACTION ALLEGATIONS**

25       21.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure

26    23(b)(2) and Rule 23(b)(3) on behalf of himself and a class (the "Class") defined as follows:

27    all persons in the United States and its Territories who received one or more unauthorized

28    text message advertisements on behalf of Heartland.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
4

1    22.    Upon information and belief, there are over 1,000 members of the Class such
2  that joinder of all members is impracticable.

3    23.    Plaintiff will fairly and adequately represent and protect the interests of the
4  other members of the Class. Plaintiff has retained counsel with substantial experience in
5  prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to
6  vigorously prosecuting this action on behalf of the members of the Class, and have the
7  financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to
8  those of the other members of the Class.

9    24.    Absent a class action, most members of the Class would find the cost of
10  litigating their claims to be prohibitive, and will have no effective remedy. The class
11  treatment of common questions of law and fact is also superior to multiple individual actions
12  or piecemeal litigation in that it conserves the resources of the courts and the litigants, and
13  promotes consistency and efficiency of adjudication.

14    25.    Defendant has acted and failed to act on grounds generally applicable to the
15  Plaintiff and the other members of the Class in transmitting the wireless spam at issue,
16  requiring the Court's imposition of uniform relief to ensure compatible standards of conduct
17  toward the members of the Class.

18    26.    The factual and legal bases of Defendant's liability to Plaintiff and to the other
19  members of the Class are the same, resulting in injury to the Plaintiff and to all of the other
20  members of the Class as a result of the transmission of the wireless spam alleged herein.
21  Plaintiff and the other Class members have all suffered harm and damages as a result of
22  Defendant's unlawful and wrongful conduct as a result of the transmission of the wireless
23  spam.

24    27.    There are many questions of law and fact common to the claims of Plaintiff
25  and the other members of the Class, and those questions predominate over any questions that
26  may affect individual members of the Class. Common questions for the Class include but are
27  not limited to the following:

28

(a)   Does the wireless spam Defendant distributed violate 47 U.S.C. § 227?

(b)   Are the Class's members entitled to treble damages based on the willfulness of Defendant's conduct?

(c)   Did the conduct described above violate the Class's right to privacy?

### FIRST CAUSE OF ACTION
(Violation of 47 U.S.C. § 227: On behalf of the Class)

28.   Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

29.   Defendant made unsolicited commercial text calls, including the message in paragraph 17, to the wireless telephone numbers of the Plaintiff and Class. Each such text message call was made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

30.   These text calls were made *en masse* and without the prior express consent of the Plaintiff and the other members of the Class to receive such wireless spam.

31.   Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, the members of the class suffered actual damages by having to pay their respective wireless carriers for their receipt of such text messages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each violation of such act.

32.   Because Defendant had knowledge that Plaintiff and the Class did not expressly consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

WHEREFORE, Plaintiff Rene Heuscher, on behalf of himself and the Class, prays for the following relief:

1.   An order certifying the Class as defined above;

2.   An award of actual and statutory damages;

3.   An injunction requiring Defendant to cease all wireless spam activities;

4.   An award of reasonable attorneys' fees and costs; and

5.   Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: April 26, 2011

By: _____
Sean P. Reis
EDELSON MCGUIRE LLP
Attorneys for RENE HEUSCHER,
individually and on behalf of a class of
similarly situated individuals